UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HATEM M. HASSOUN,<br><br>    Plaintiff,<br><br>    v.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>    Defendants. | NO. CV 13-3237-UA (AGR)<br><br>ORDER TO SHOW CAUSE |

       On May 2, 2013, the United States District Court for the Southern District of California transferred a civil rights complaint submitted by Plaintiff, as well as a motion to proceed *in forma pauperis* ("Motion").

       Plaintiff, who is currently incarcerated at North Kern State Prison, names two defendants, the Los Angeles County Sheriff's Department and the Los Angeles Central Men's Jail ("LACMJ"). (Complaint at 2.) Plaintiff sets forth two claims, the first for cruel and unusual punishment and the second for "negligence, mayhem." (*Id.* at 3-4.) Both claims have the same supporting allegations. While Plaintiff was incarcerated at the LACMJ on October 20, 2012, a "sally port gate"

or "cell gate" closed and severed part of the index finger of Plaintiff's left hand. (*Id.*) There are no other factual allegations.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (citations omitted).

Plaintiff does not allege any of the circumstances of the gate's closure. He does not name any individuals who may have been involved. Although he alleges an Eighth Amendment violation, he does not specify whether it is based on excessive force or failure to protect him from harm or whether at the time he was a convicted inmate or a pretrial detainee. Thus, Plaintiff fails to state a claim, either legally or factually.

IT IS THEREFORE ORDERED that, on or before **June 13, 2013**, Plaintiff shall show cause, if there be any, why this court should not recommend denial of the Motion because the complaint fails to state a claim. If Plaintiff lodges a First Amended Complaint that cures the deficiencies as discussed above, the amended complaint shall be deemed compliance with the order to show cause.

If Plaintiff lodges a First Amended Complaint, it must bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original complaint, or any other

pleading, attachment or document. Further, Plaintiff must use the blank Central District civil rights complaint form accompanying this order, sign and date the form, completely and accurately fill out the form, and use the space provided in the form to set forth all of the claims he wishes to assert. Plaintiff is free to attach additional pages to the form. The Clerk is directed to provide Plaintiff with the form.

**If Plaintiff fails to timely respond to this order to show cause, the court will recommend that the Motion be denied.**

DATED: May 13, 2013

ALICIA G. ROSENBERG
United States Magistrate Judge

3